IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Alonso Portwood, #282423, | ) | C/A No. 4:08-2538-HMH-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| South Carolina Department of Corrections, | ) | |
| Warden Perry Correctional Institution, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner, Alonso Portwood ("petitioner/Portwood"), is currently incarcerated at Perry Correctional Institution.[1] Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[2] on July 15, 2008. Respondent filed a motion for summary judgment on December 10, 2008, along with supporting memorandum and exhibits. The undersigned issued an order filed December 11, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner's response was due on or before January 14, 2009. (See doc. #20). Petitioner failed to file a response.

On February 9, 2009, an Order was issued informing petitioner that if he did not respond to the respondent's motion for summary judgment within ten (10) days of the date of the order, his case may be dismissed pursuant to Federal Rules of Civil Procedure 41(b), and that dismissal would be

---

[1] The petitioner has not provided the court with any change of address.

[2] This habeas corpus case was automatically referred to the undersigned United States magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

considered an adjudication on the merits, i.e., with prejudice. (Document #22). Petitioner has failed to file a response to the motion for summary judgment.

## II. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the petitioner is proceeding pro se so he is entirely responsible for his actions. It is solely through petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to respondent's motion for summary judgment or the court's orders requiring him to respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## III. CONCLUSION

As set out above, a review of the record indicates that the petition should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that the petition be dismissed with prejudice for failure to prosecute.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 20, 2009
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

3